UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Judy White, *aka Judith Ayers White* <br> Gary L. White, #26784-001 <br>       Plaintiffs, <br><br> vs. <br><br> **M. Miller**, both personally and in her official capacity; <br> **W. Mackelburg**, both personally and in his official capacity; **Rex Blocker**, both personally and in his official capacity; <br> **V. Kepner**, both personally and in her official capacity; <br> **FNU Kelso**, both personally and in his official capacity; <br> **W. Anderson**, both personally and in his official capacity; <br> **FNU Carter**, both personally and in her official capacity; <br> **V. Wilkins**, both personally and in her official capacity; <br> **M. Huger**, both personally and in her official capacity; <br> **P. Moreau**, both personally and in his official capacity; <br> **B. Ingram**, both personally and in his official capacity; <br> **Defendants A through Z**, being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained; <br> **Edgefield Federal Prison**; <br> **The Southeast Regional Office of the Federal Bureau of Prisons**; <br> **The Federal Bureau of Prisons**, <br>       Defendants. | **C/A:** 8-11-144-HMH-KFM <br><br> **Report and Recommendation** |

  The plaintiffs, Judy White and Gary L. White, ("Plaintiffs"), proceeding *pro se*,[1] have brought this action alleging mistreatment of both Plaintiffs against various employees of the Federal Correctional Institution at Edgefield, South Carolina, where Plaintiff Gary L. White is currently incarcerated. Plaintiffs seek monetary damages, injunctive, and other relief.

---

[1] This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).

The Summons and Complaint in this case have not been served. Plaintiff Gary L. White has been instructed to provide financial documents, in a Proper Form Order of the undersigned dated January 27, 2011.

Plaintiffs have also filed a document docketed as "Emergency Motions" at ECF No. 16. This document actually contains several motions, which will be listed and numbered below in an attempt to achieve clarity. The "Emergency Motions" include motions for:

1. Injunctive Relief and/or Restraining Order;
2. Order of protection and order of removal;
3. Order granting access and confidential communications between the plaintiffs;
4. Changing plaintiff Gary L. White's address for service;
5. The Court's acceptance of Plaintiff Gary L. White's signature through power of attorney
6. Leave to file documents under seal and/or for protective order
7. Extension of Time to comply with Proper Form Order of January 27, 2011.

The Motion for an Extension of Time (#7) is granted in the accompanying Order, which serves as a Second Proper Form Order. Only #1, the Motion for Injunctive Relief and/or Restraining Order, is arguably properly before this Court before the case has been served. The other matters, designated above as #2, 3, 4, 5, and 6, will be considered amendments to the Complaint at ECF No. 1.

The Motion for Injunctive Relief and/or Restraining Order brings this matter before the Court. Plaintiffs have not filed a certificate of service certifying that the defendants have been served with the motion, so the motion is being handled as a motion for a Temporary Restraining Order ("TRO").[2]  Fed.R.Civ.P. 65(b).

---

[2] A preliminary injunction may only be issued after notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

In general, the purpose of a TRO is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *See* 7 Pt. 2 *Moore's Federal Practice and Procedure* ¶ 65.05 (1989). As the Supreme Court has made clear:

> *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, *cf. Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, [180] (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). Plaintiff's motion fails to show he is entitled to such relief.

Rule 65 of the Federal Rules of Civil Procedure governs both preliminary injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted...only if it clearly appears from specific facts shown...that immediate and irreparable injury, loss, or damage will result to the applicant." In *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374-76 (2008), the United States Supreme Court stated that to obtain a preliminary injunction, the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 374. All four requirements must be satisfied. *Id*. The Supreme Court rejected a standard that allowed the plaintiff to demonstrate a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-76.

Prior to the *Winter* decision, in the Fourth Circuit, preliminary injunctions and temporary restraining orders were governed by the standard articulated in *Blackwelder*

3

*Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). In *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. August 5, 2009), the Fourth Circuit concluded that the *Blackwelder* test stood in "fatal tension with the Supreme Court's 2008 decision in *Winter*." *Id.* at 346. In keeping with *Winter*, the Fourth Circuit found that first, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id.* at 346. Also, the likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented." *Id.* at 347. Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* That the plaintiff's harm might simply outweigh the defendant's harm is no longer sufficient. *Id.* The showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id*. Third, the Court is admonished to give "particular regard" to the "public consequences" of any relief granted. *Id.* Finally, there no longer exists any flexible interplay between the factors, because all four elements of the test must be satisfied. *Id*.

This stricter standard, when applied to the current case, makes it clear that no restraining order should issue in this case. All four elements of the test must be satisfied, and the plaintiff fails to make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.*

The motion requests a long list of orders, on pages 14-17. The requests which particularly appear to pertain to the Motion for Injunctive Relief and/or Restraining Order include requests for orders that: prevent the Defendants from carrying out punishment against Plaintiff Gary L. White; reverse the termination of Plaintiffs' visitation rights; reinstate

4

telephone, etc. privileges necessary for Plaintiffs to communicate; prevent Defendants from retaliating against Plaintiffs for filing this lawsuit, and other requests. While Plaintiffs allege punishment and retaliation they may suffer at the hands of Defendants, they do not make a clear showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ. P. 65(b)(1)(A). In fact, they do not make any sort of allegation that can be construed as an argument that Plaintiffs face immediate and irreparable injury, or if so, what these injuries might entail. Additionally, an *ex parte* temporary restraining order to maintain the status quo would not assist Plaintiffs in regaining visitation and the privileges, as the status quo is that those privileges have already been removed.

A failure to establish any of the elements necessary for relief is fatal to the request for a temporary restraining order. *Winter*, 129 S.Ct. at 374. Plaintiffs have not established that immediate, irreparable harm is likely, so their motion should be denied.

## RECOMMENDATION

Accordingly, it is recommended that the portion of the Plaintiffs' Motion [Docket # 16] requesting a Temporary Restraining Order be **denied**.

                                                  s/Kevin McDonald
                                                  United States Magistrate Judge

March 7, 2011
Greenville, South Carolina

***Plaintiffs' attention is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).