IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Judy White, aka Judith Ayers White;
Gary L. White, #26784-001,                    )
                                              )
                      Plaintiffs,             )          C.A. No. 8:11-144-HMH-KFM
                                              )
          vs.                                 )          **OPINION & ORDER**
                                              )
M. Miller, both personally and in her         )
official capacity; W. Mackelburg, both        )
personally and in his official capacity;      )
Rex Blocker, both personally and in his       )
official capacity; V. Kepner, both            )
personally and in her official capacity;      )
FNU Kelso, both personally and in             )
his official capacity; W. Anderson, both      )
personally and in his official capacity;      )
FNU Carter, both personally and in her        )
official capacity; V. Wilkins, both           )
personally and in her official capacity;      )
M. Huger, both personally and in her          )
official capacity; P. Moreau, both            )
personally and in his official capacity;      )
B. Ingram, both personally and in his         )
official capacity; Defendants A through Z,    )
being those persons or entities that          )
participated in any manner whatsoever         )
and/or conspired in any manner                )
whatsoever, whether directly or               )
indirectly, regardless of knowledge           )
aforehand, in any act or omission             )
relative to the events made the basis         )
of the Plaintiffs' Complaint, all of whom     )
are unknown at the time of the filing of the  )
Plaintiffs' Complaint but will be             )
added by amendment when ascertained;          )
Edgefield Federal Prison; The Southeast       )

1

Regional Office of the Federal Bureau          )
of Prisons; The Federal Bureau of Prisons,     )
                                               )
                        Defendants.            )

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 of the District of South Carolina.[1]  Judy White ("Mrs. White") and

Gary White ("Mr. White"), a federal prisoner, both proceeding pro se, allege that the

Defendants have violated their constitutional rights and seek injunctive and monetary relief.  In

his Report and Recommendation, Magistrate Judge McDonald recommends denying the

Plaintiffs' motion for a temporary restraining order pursuant to Rule 65 of the Federal Rules of

Civil Procedure.

The Plaintiffs filed objections to the Report and Recommendation.  Objections to the

Report and Recommendation must be specific.  Failure to file specific objections constitutes a

waiver of a party's right to further judicial review, including appellate review, if the

recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91,

94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and

Recommendation of the Magistrate Judge, this court is not required to give any explanation for

adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

_____

[1]The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

2

Upon review, the court finds that many of the Plaintiffs' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. The Plaintiffs allege that they are entitled to a temporary restraining order because they have made a clear showing that they will suffer immediate and irreparable harm if no injunction issues. The Plaintiffs allege that the Defendants are interfering with Mr. White's legal mail, the Defendants have threatened Mr. White with harm for pursuing this action, and the Defendants have defamed and libeled Mrs. White and violated the Plaintiffs' privacy rights. (Objections, generally.) In order to obtain a preliminary injunction, the Plaintiffs must establish the following four elements: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by, 130 S. Ct. 2371 (2010), reissued in part by, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The Plaintiffs must make a clear showing that they are likely to succeed on the merits and that they will suffer irreparable harm. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345.

After a thorough review, the Plaintiffs have failed to make a clear showing that they are likely to suffer irreparable harm. Aside from the Plaintiffs' self-serving allegations that the Defendants opened Mr. White's mail under the guise that it contained improper postage or was improperly addressed, there is no objective evidence that the Defendants improperly opened

Mr. White's legal mail.  Further, the Plaintiffs have filed numerous pleadings in the instant case indicating that the Defendants are interfering with the Plaintiffs' access to the courts.   In addition, the Plaintiffs generally allege that Mr. White "has been warned that he is in 'extreme danger' from and is 'marked' by the Defendants.  He has been warned that the prison employees and Defendants will plant contraband in his living quarters, having previously done so in retaliation against others who have attempted to exercise their rights and privileges." (Objections 10.)  The Plaintiffs fail to specifically identify any person that has threatened Mr. White.  At best, it appears that other inmates have discussed these issues with Mr. White. Moreover, the fact that Mr. White has been threatened with placement in solitary confinement fails to establish a threat of immediate harm.  There are numerous reasons for placement of an inmate in solitary confinement.  In addition, it does not appear that Mr. White has been placed in solitary confinement.  The Plaintiffs' remaining allegations are also conclusory and fail to show that the Plaintiffs will suffer irreparable harm absent an injunction.

Based on the foregoing, Plaintiffs' statements are simply insufficient to warrant the extraordinary remedy of injunctive relief.  Further, the court has conducted a de novo review and concludes that the magistrate judge has properly recited the facts and applied the law. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

It is therefore

**ORDERED** that the portion[2] of the Plaintiffs' motion requesting a temporary restraining order, docket number 16, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 29, 2011

### NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Docket number 16 contains several motions which are listed in the Report and Recommendation. Only the motion for injunctive relief is properly before the court prior to service of the case on the Defendants. The remaining motions are construed as amendments to the Plaintiffs' complaint. A proper form order was issued ordering the Plaintiffs to bring the case into proper form by March 31, 2011.