UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Judy White, *aka Judith Ayers White* <br> Gary L. White, #26784-001 <br><br>                   Plaintiffs, <br><br> vs. <br><br> **M. Miller**, both personally and in her official capacity; <br> **W. Mackelburg**, both personally and in his official capacity; **Rex Blocker**, both personally and in his official capacity; <br> **V. Kepner**, both personally and in her official capacity; <br> **FNU Kelso**, both personally and in his official capacity; <br> **W. Anderson**, both personally and in his official capacity; <br> **FNU Carter**, both personally and in her official capacity; <br> **V. Wilkins**, both personally and in her official capacity; <br> **M. Huger**, both personally and in her official capacity; <br> **P. Moreau**, both personally and in his official capacity; <br> **B. Ingram**, both personally and in his official capacity; <br> **Defendants A through Z**, being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained; <br> **Edgefield Federal Prison**; <br> **The Southeast Regional Office of the Federal Bureau of Prisons**; <br> **The Federal Bureau of Prisons**, <br><br>                   Defendants. | C/A 8:11-144-HMH-KFM <br><br> **Report and Recommendation** |

The plaintiffs, Judy White and Gary L. White, ("Plaintiffs"), proceeding *pro se*,[1] have brought this action alleging mistreatment of both plaintiffs against various employees of the

---

[1] This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).

Federal Correctional Institution at Edgefield, South Carolina, where Plaintiff Gary L. White is currently incarcerated. Plaintiffs seek monetary damages, injunctive, and other relief.

The Summons and Complaint in this case have not been served. Plaintiff Gary L. White has twice been instructed to provide financial documents or pay the filing fee and in the accompanying order is given a third chance to do so.

Plaintiffs have also filed a document docketed as "Emergency Motions" at ECF No. 31. The requests for Emergency Motions are duplicative of either the requests for relief in the Complaint, in the Emergency Motions previously filed and docketed at Docket Entry No. 16, or both. By order of this Court dated March 28, 2011 (Docket Entry No. 28), United States District Judge Henry M. Herlong, Jr. adopted the Report and Recommendation of the undersigned (Docket Entry No. 22), which denied the Emergency Motions at Docket Entry No. 16.

It is unnecessary for the Court to address duplicative requests. A district court may take judicial notice of materials in the Court's own files from prior proceedings. *See Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## RECOMMENDATION

Accordingly, it is recommended that the portion of the Plaintiffs' Motion (Docket Entry No. 31) requesting emergency relief be **denied**.

April 4, 2011                                           s/Kevin McDonald
Greenville, South Carolina                              United States Magistrate Judge

***Plaintiffs' attention is directed to the important notice on the following page.***

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).