UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Judy White, *aka Judith Ayers White* <br> Gary L. White, #26784-001 <br>       Plaintiffs, <br><br> vs. <br><br> **M. Miller**, both personally and in her official capacity; **W. Mackelburg**, both personally and in his official capacity; **Rex Blocker**, both personally and in his official capacity; **V. Kepner**, both personally and in her official capacity; **FNU Kelso**, both personally and in his official capacity; **W. Anderson**, both personally and in his official capacity; **FNU Carter**, both personally and in her official capacity; **V. Wilkins**, both personally and in her official capacity; **M. Huger**, both personally and in her official capacity; **P. Moreau**, both personally and in his official capacity; **B. Ingram**, both personally and in his official capacity; **Defendants A through Z**, being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained; **Edgefield Federal Prison**; **The Southeast Regional Office of the Federal Bureau of Prisons**; **The Federal Bureau of Prisons**, <br>       Defendants. | **C/A:** 8-11-144-HMH-KFM <br><br> **Report and Recommendation** |

   The plaintiffs, Judy White and Gary L. White ("Plaintiffs"), proceeding *pro se*, have brought this action alleging mistreatment of both plaintiffs against various employees of the Federal Correctional Institution at Edgefield, South Carolina, where Plaintiff Gary L. White is currently incarcerated. Plaintiffs seek monetary damages, injunctive, and other relief.

The Summons and Complaint in this case have not been served. Plaintiff Gary L. White has thrice been instructed to provide financial documents or pay the filing fee, and in the accompanying order is given a fourth chance to do so.

Plaintiffs have repeatedly filed motions for "Emergency Relief." The most recent, at ECF No. 44 and ECF No. 49, are largely duplicative of previous motions and are signed only by Judith White on behalf of her husband.

It is unnecessary for the Court to address duplicative requests. A district court may take judicial notice of materials in the Court's own files from prior proceedings. *See Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Additionally, this Court will not consider motions signed by Mrs. White on behalf of Mr. White. Movant White's wife, who is not an attorney, cannot represent him in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

## RECOMMENDATION

Accordingly, it is recommended that the motions at ECF No. 44 and ECF No. 49 requesting emergency relief be **denied**.

May 4, 2011                                             s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

***Plaintiffs' attention is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).