IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Judy White, aka Judith Ayers White;<br>Gary L. White, #26784-001,<br><br>      Plaintiffs,<br><br>    vs.<br><br>M. Miller, both personally and in her official capacity; W. Mackelburg, both personally and in his official capacity; Rex Blocker, both personally and in his official capacity; V. Kepner, both personally and in her official capacity; FNU Kelso, both personally and in his official capacity; W. Anderson, both personally and in his official capacity; FNU Carter, both personally and in her official capacity; V. Wilkins, both personally and in her official capacity; M. Huger, both personally and in her official capacity; P. Moreau, both personally and in his official capacity; B. Ingram, both personally and in his official capacity; Defendants A through Z, being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained; Edgefield Federal Prison; The Southeast | C.A. No. 8:11-144-HMH-KFM<br><br>**OPINION & ORDER** |

1

  Regional Office of the Federal Bureau  )
  of Prisons; The Federal Bureau of Prisons, )
                 )
         Defendants.   )

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Judy White ("Mrs. White") and Gary White ("Mr. White"), a federal prisoner, both proceeding pro se, allege that the Defendants have violated their constitutional rights and seek injunctive and monetary relief. In his Report and Recommendation, Magistrate Judge McDonald recommends denying the Plaintiffs' "emergency motions" because they "are duplicative of either the requests for relief in the Complaint, in the Emergency Motions previously filed and docketed at Docket Entry No. 16, or both." (Report & Recommendation 2.) Magistrate Judge McDonald noted that the court had denied the Emergency Motions previously on March 28, 2011.

  Plaintiffs filed a "motion for reconsideration or, in the alternative renewed motion for emergency relief" on April 14, 2011, which the court construes as objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the Plaintiffs' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate their claims. Further, the court has conducted a de novo review and concludes that the magistrate judge has properly recited the facts and applied the law. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

To the extent the Plaintiffs are moving for reconsideration of this court's order dated March 28, 2011, denying injunctive relief, the motion is denied. The Plaintiffs' motion for reconsideration raises new allegations regarding events that allegedly occurred subsequent to the issuance of Magistrate Judge McDonald's Report and Recommendation, which was issued on April 4, 2011. The court finds that these new allegations fail to present any basis pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for the court to alter its prior decision to deny injunctive relief.

It is therefore

**ORDERED** that the Plaintiffs' motion for emergency relief, docket number 31, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
May 10, 2011

### NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.